Good morning, your honors. May it please the court, my name is Patrick Bryant and along with my colleague Valencia Roberts I represent Douglas Whitley in this appeal. I'd like to begin with our double jeopardy argument. Two offenses are the same offense for purposes of double jeopardy when the lesser offense requires no proof beyond that which is required for the greater offense. And that's precisely the case in the case of carjacking and Hobbs Act robbery. There's proof of the carjacking is necessarily proof of the Hobbs Act robbery of the car. There's no way to be guilty of carjacking without also being guilty of Hobbs Act robbery of the car and the government has never articulated a way that that would be possible. And so I hope that at some point you'll ask the government if there is such a scenario because I haven't been able to envision one. And that's why I filed the letter this week with the language from the Graham case that I wanted to present to the court that Hobbs Act robbery and carjacking are essentially the same conduct conducted in the same way and carjacking simply adds the specific intent to make it a greater offense. The way it's charged here was even an indication that it was one offense. The vehicle, the vehicle was charged and there's no way to separate. Let me just ask you, I'll ask you my question then you can answer and we'll probably hear the same thing from the government. But carjacking requires intent to cause death, right, or serious personal injury. And Hobbs Act doesn't require that. That's the differentiating element, yes. And then Hobbs Act robbery requires you to show an effect on interstate commerce, right? Yes. Whereas carjacking doesn't require an effect on interstate commerce. It merely requires that the vehicle cross the state line regardless of effect. Isn't that what it says? That's what it says. But there's no way to, the cases on the Commerce Clause show that there's no way that the crossing of state lines has that effect on commerce. The precedent indicates that jurisdictional elements account for Blackberger purposes. I mean, when you're looking for the identicality of the elements. Well they don't have to use the exact same language. The argument is periodically made that, oh, this is jurisdictional or whatever. But I mean, jurisdictional elements accounted for Blackberger. We're not asking the court to disregard the jurisdictional elements entirely. What I'm saying is that they collapse here, especially on the facts of this case. Let me just ask you on that, just a little more particular, what my point was. To prove an effect on commerce, you can have a localized conduct, but you have to show some effect on commerce. However, pay minimums, right? Yes, that's correct. So there's an affirmative proof as to the conduct having an effect on commerce. Under the hijacking, you don't have to show any effect on commerce. All you have to show is that the car crossed the state line. However, there's no other condition. It just says it crosses the state line. Now it seemed to me that those two proofs are different. Well, they aren't because the carjacking itself, the theft of the vehicle, is a diminishment of the victim's assets, and that has an effect on commerce. You've made the comparison on all the other elements. I'm trying to say that the different proofs, and if you're proving Hobbs Act, you've got to prove an effect on commerce. And the effect requires something affirmative to show. Whereas on the carjacking, you do not have to show an effect on commerce. You simply have to show that car crossed the line, regardless of its effect on commerce. Isn't that the proof difference? That's the language that's used, but in the case... Well, shouldn't we use the language? Well, there's no requirement under Blogberger or any of the other double jeopardy cases that Congress use the exact same terminology decades apart in writing separate statutes for them to embrace the same concept, especially when, by the time that Congress passed the carjacking statute, it would have had the benefit of decades of Commerce Clause jurisprudence. I don't think we need to look at the timing. It's just what laws are still in effect, and are the statutes different? That didn't seem to me a difficult Blogberger question when the carjacking statute required an intent to cause death or bodily harm, and the straightforward Hobbs Act robbery didn't. But that's what makes carjacking... Let me just say this, that I'm concerned about what's happening here on a broader front, because we have all of these attacks on Blogberger, and there's the Blogberger required an identity of elements, and the attacks on Blogberger seek to convert that decision into a similarity test. And, oh, well, if these two offenses are similar enough, then that allows us to make all kinds of lesser-included offense arguments for instructions and double jeopardy chafe under Blogberger, and think that Blogberger's an impediment to a slew of double jeopardy and less-included offenses law. But it's an identity... The Supreme Court and our cases require an identity of elements, not just a general similarity. Well, respectfully, Your Honor... But I don't understand what that would mean, or how similar is similar. Well, I have an answer to that, Your Honor. I believe I do. First of all, Blogberger is not the only word, the last word on the matter. There are also cases that we've cited, like Brown v. Ohio and Harris v. Oklahoma, that are much more recent, that take this sort of functional approach that don't require identical language. And so those aren't my precedent. And so what I'm saying is that if you look at the proof that came out at trial, if there's no way to prove the greater without also proving the lesser... Is that true? I mean, our Williams case, which you cite, says that the Hobbs Act requires a robbery that depletes the assets of a business that is engaged in interstate commerce. You just seem to want to focus on the depletion of the value of the assets. But as we've talked about, that language seems consistent with the jurisdictional test for Hobbs Act, which is effects. Now, I think it doesn't have to be a business that's involved in interstate commerce. An individual could be involved in interstate commerce, too. But that seems to be talking, to be giving some explanation of what this affects interstate commerce means, which is different than the carjacking. Let me finish. I know you can. No worries. Carjacking, it can affect if a vehicle is stolen, that at any point in time across the state line you have carjacking. And that's the effect on commerce. Excuse me, let Judge Sperlbaum finish his question. I'm sorry. I don't think, as we've defined effect on commerce, if a vehicle got shipped 10 years ago when it was first built and constructed, that would necessarily affect commerce in the same way a Hobbs Act requires. I disagree with that. And I think that if you look at the gun possession cases, a gun that was manufactured decades ago and crossed state lines is still a firearm that was possessed in interstate commerce. And so the very fact that the vehicle has crossed state lines is an effect on interstate commerce. Why is it an effect? It doesn't have any effect, maybe. This man lived in New York, Pennsylvania. He drove down to Baltimore. And that satisfies the statute. There's no effect on commerce, or you don't have to show it. What it is is the direct regulation of commerce, as opposed to an effect of a local conduct on commerce. And it seems to me that Congress, in the carjacking, said all you have to do is show that the car crossed a state line regardless, regardless of its effect on commerce. Our argument is that that is an effect on commerce, because the crossing of state lines, the use of the instrumentalities and channels of interstate commerce affects interstate commerce. This guy himself drove it. He didn't have any commercial aspect at all. He didn't have any commerce at all. He drove his car across the state line. And he satisfies the statute. I'm not sure who you're referring to. One of the protagonists in the crime. Or the girlfriend. The night before the girlfriend went up to a nightclub in Pennsylvania, and then the crime was committed the next day by her. She didn't have to show what she did, where she went, or why she went. She could have gone up there just to take a look at the Chesapeake Bay Bridge and then come back. Well, but that's not commerce. The facts of this case... Interstate commerce, it's direct. Anything that crosses a state line can be regulated. But when it's domestic, it has to have an effect of some kind. Well, in this case, we're talking about the carjacking of a commercial van, the Peloton delivery van. But that was not essential to the element of the crime. The element of the crime said the vehicle just had to cross the state line. Well, I think all I can say, my argument is that the crossing of state lines, we argue, is sufficient to be an effect on commerce. The statute says the robbery or extortion must affect commerce. That's what the Hobbs Act statute says. I mean, so to prove Hobbs Act, you have to show that the robbery affected commerce. I mean, yeah, I guess your argument is that if somehow or another, something that crossed state lines whenever, in this case, it may have been the same day, but it could have been before. That's robbery affecting commerce under the Hobbs Act. Maybe that's how it reads. I haven't seen a case that reads the Hobbs Act like that. I think, and we've dealt with those cases, and we've made those challenges in Hobbs Act cases, like the Supreme Court's Taylor case, I think does say that the mere depletion of assets of a victim is enough for, to be an effect on interstate commerce. And as my time is winding down. One thing, we're concentrating on whether something moved in commerce or whether it just had an effect and a difference there. So that's one difference. But what about this whole element of an intent to cause death or serious bodily harm, which is a feature of the carjacking statute, but not of Hobbs Act robbery? Well, that's our argument that it makes it the greater, the same as simple possession of drugs and possession with intent to distribute drugs. It's that intent element that makes carjacking the greater offense for the lesser of Hobbs Act robbery of a car, plus the intent that's necessary. That argument is not so much a lesser included offense argument, is it, as it is a double jeopardy argument? Well, lessers and greaters are the same offense for purposes of double jeopardy. And you can't be convicted of both. It can't. How can it be a double jeopardy argument if the elements of the crime are so different? Well, our argument is that carjacking encompasses all of Hobbs Act robbery, plus the intent. And so just like simple possession and PWID of drugs, that you can't be convicted of both at the same time because it's a greater and lesser. And just in the brief remaining time that I have, I would like to just spend a moment on our second argument about the sufficiency of the evidence of that specific intent with regard to the carjacking. We've argued that this court should adopt, like two other circuits, the requirement that the government prove brandishing plus something else in order to prove that specific intent. I know the court is familiar with that argument, and Judge Wilkinson in particular. Yeah, but in this case, don't we have the gun pointed at his torso and he says, very threateningly, tells him to get out and tell him to be quiet, don't make any noise. That's more than just brandishing, isn't it? Our argument is that that's not sufficient as a matter of law to be anything more than intimidating bluff, because the offense itself requires theft by force or intimidation. He's got the gun aimed right at his instructions. And with the idea that if he doesn't get the instructions, he's going to be blown away. That's the empty threat or the intimidating bluff. Our argument is, and I'm sorry I'm over time, if I could just wrap this up very briefly, that our argument is that as a matter of law, this is insufficient to be different than the intimidating bluff that the Supreme Court has said is insufficient as a matter of law. Unless there are no other questions at this time, I'll wait for rebuttal. All right, thank you. Mr. Attias? Good morning, Your Honor. As may have pleased the court, I'll just pick up where the defendant left off and get straight to the sufficiency challenge. The facts of the case are as follows. The defendant got into the passenger side of the vehicle. He was masked from the nose down and wearing a bucket hat. He pulled out a gun with a 20-round magazine sticking out of it, a Tec-9 gun. He pointed it at the victim at close range. The victim was in the driver's seat. The defendant was in the passenger seat. He said, get the F out of the van. Don't touch anything. Those facts permitted the jury to readily conclude that the defendant had the requisite intent to seriously injure or kill the victim should it be necessary. And I think if you take a survey of this Court's cases, the facts of this case fit comfortably within this Court's doctrine. Start with the Smalls case. In Smalls, the defendant pointed a gun at the victim, didn't touch the victim with the gun. He pointed it at him from about a foot away, and he demanded everything he had. This Court affirmed. In Robinson, there was no touching, again, of the gun. In fact, there was not really even a verbal threat, and this Court affirmed. I think the upshot of all those, and Bailey, for example, is the case where this Court reversed. There, there was no evidence that there was even a gun present. All there was was evidence that somebody put a cold, hard object on the victim's neck, and this Court reversed. I think the upshot of all these cases, contrary to the rule the defendant is arguing, the Sixth Circuit's rule, is that there's no one, just like there's no one way to commit a carjacking, there's no one way to reverse or looks at the totality of the circumstances and takes a holistic approach that doesn't privilege one factor over the other, like touching or no touching, or loaded versus unloaded. I think the rule the defendant is advocating for turns what's a quintessentially factual question for the jury, as Smalls recognized, and turns it into a legal one. And there's just, there's little support for that in the doctrine other than the Sixth Circuit's case. And I think even if the Court applied it, in this case, I understand your evidentiary argument, but what, what effect do you think that the, and the jurisdictional provision seemed to be quite, quite different, an effect on interstate commerce versus a vehicle that's moved in interstate commerce? What do you think with respect to the fact that the carjacking requires the intent to cause the death of bodily harm and the Hobbs Act recovery does not? What should we make of that? Does that require a vacature of conviction? No, no, not at all. I think we can satisfy Blockberger in two ways. The first is the intent requirement, and the second is the intent carjacking, and this is the whole premise of the defendant's first argument, as a heightened mens rea requires us to show that the defendant had the requisite intent to seriously injure or kill the defendant. I think his argument is, just to give him, give him credit for what I think he's saying, he's saying that the carjacking is the greater offense because it's got that additional element and that the Hobbs Act is lesser included, but for him to maintain that, he has to assume that there's no additional element in the Hobbs Act that is not included in the carjacking. And otherwise, if it's lesser included, then you're being punished for two crimes, one of which is a lesser included of the other. And that's his argument, I think. So there does need to be another element in the carjacking. I mean, in the Hobbs Act, that is not in the carjacking. Don't you agree? I agree with that. And as was discussed earlier, Hobbs Act... And so the question is, you have to have some proof of the effect of the conduct on commerce. You have to demonstrate that. Whereas in the carjacking, you don't have to. You just have to show the car crossed the state line at any time. That's exactly right. Carjacking requires us to show that at any point in the past, the car crossed the state line. And that's why, if you look at the proof of this case, that's why the government elicited testimony and introduced a picture of the front of the van, which had the van had Maryland license plates and elicited testimony stating that the van had Maryland license plates. That fact was not necessary for the Hobbs Act. So your colleague says that it's enough to affect commerce, even if prior to that, the vehicle had crossed state lines. What's your response to that? I think that's just wrong. I don't think there's any support for that in Hobbs Act jurisprudence. I think what might be confusing the defendant is that this particular prosecution involved the Peloton van, and so commerce is sort of ever present. But apply the defendant's theory of Hobbs Act, which would basically blow it open to basically federalize all carjacking and create an overarching federal robbery statute. Blockberger is under such assault, and I'm wondering when you have different elements, not only different jurisdictional elements, but also different substantive elements. And the Supreme Court indicates under Blockberger that these are separate offenses by virtue of the different elements, substantive and jurisdictional. Under what circumstances, if any, are offenses that are plainly separate under Blockberger nonetheless subject to double jeopardy assaults or lesser included offense instructions? What is your answer? I mean, I'm not sure there is a category of cases like that. Blockberger asks whether one statute requires proof, the other does not. And if we can show that, even if it's small, then we can survive Blockberger challenges. And we can do that here. I'm still not sure. Are you saying that something that fails to satisfy the Blockberger test, that its difference is different in terms of Blockberger, can that still be the subject of a double jeopardy claim or lesser included offense instruction? And if so, under what the defendant can't meet the requirements of Blockberger, then there's no double jeopardy claim. Let's imagine that the jurisdictional elements were identical. Do you think the whole concept of a lesser included offense doesn't create a double jeopardy problem? In this particular case? As a matter of theory? I'm not sure, Your Honor. Okay. So do you think the intent, the mens rea element is enough by itself? Absolutely. We can satisfy Blockberger in two different ways. That overlooks his argument. His argument is that if you prove a carjacking offense, which has the extra element, then the Hobbs Act, if it has identical jurisdictional elements, if the Hobbs Act is a lesser included offense, and by convicting on both and punishing on both, you have double jeopardy. Right. And you agree with that, right? I don't agree with that because I don't think that the two jurisdictional elements are the same. Hypothetically, let's go back and start over. I'm assuming that the jurisdictional elements are identical. Identical words. And the only difference is that the carjacking has that intent to kill or to seriously injure. The Hobbs Act would then be a lesser included offense, right? I'm not so sure about that because the Hobbs Act has a much broader basis for liability that involves, for example, threats, not just to persons, but also to property. I'm just wondering if the Blockberger test is meant to insulate these convictions from lesser included offense and double jeopardy. I'm not sure we need to get to that here because the jurisdictional elements are different and the jurisdictional elements are plainly different. Whether the vehicle itself moved in interstate commerce or whether there was just an effect. And that doesn't seem to me to involve double jeopardy or lesser included offense. The other question is, what is the impact of the finding that they are clearly separate crimes for Blockberger? I still want to know to what degree does that insulate the convictions from vacature as a lesser included offense? I mean, in this case, if the court found that there was no Blockberger violation because each statute requires proof, the other does not, then there would be no vacature of anything. I think if the court were to hold in our favor, then it would be holding that the two jurisdictional elements are enough to distinguish the statute and that statutes can be distinguished under Blockberger sometimes based on jurisdictional elements. I mean, if we take this away from these particular statutes to first degree murder, some of the areas where we maybe more commonly think of lesser included offenses. In a classic lesser included offense case, if they're both charged, do you think you can have a conviction for both? Yeah, so I think that your question raises an interesting one because if the court were to agree with the defendant and hold that Hobbs Act robbery is a lesser included offense of carjacking, that would create a sort of anomalous result where if we were to charge a carjacking and let's say the proof doesn't come in the way we wanted it on the mens rea, which is one of the ways the statutes are distinguished, we could then go to the district court and ask for a lesser included offense on the Hobbs Act and allow the jury to convict as a fallback on the Hobbs Act, which is odd because Hobbs Act has a higher stat max. And what that would do in effect, and this is another sort of strange anomaly of the defendant's argument. But given the difference in the part of Blockberger, do we even need to reach the question of, I mean, there are different crimes by virtue of different jurisdictional requirements under Blockberger. And if that's the case, do we even need to reach the question of a lesser included offense here? I don't think so. I mean, they're just different offenses and they have different, one has a higher mens rea, they have different interstate commerce elements. And to try to respond to Judge Neimann's prior point, I'm not sure that their taking element is exactly the same. Hobbs Act robbery allows for robberies to take place through threats of violence, intimidation to property of the person who's being taken. But his argument would be if you proved the carjacking, you necessarily would have proved taking away of property under the Hobbs Act. Sure. And I'm not sure that's right because you can commit Hobbs Act, that's why Hobbs Act is a couple of lines and carjacking is just one line. Hobbs Act is much broader, which again, sort of... Well, that would make it even more likely a lesser included. But I think the concept, I think, that is being urged here is that if you had first degree murder and second degree murder, and the jury found both, you can't punish for both, right? I think that's right. So he's arguing that since this is a lesser included offense, you're punishing for both, that's the problem. And your argument is that they're not concentric. Each one has something different. That's exactly right. And I understand there may be cases where they overlap, and it's possible in this case, because we're dealing with an enterprise that's obviously engaged in interstate commerce, that there was some overlap. Although, I still don't think that the fact that the van previously came from Maryland demonstrates an effect on commerce. So can you... Your colleague said, give an example of a factual situation where you have conduct that violates federal carjacking, but doesn't violate the Hobbs Act. Can you do that? If I leave here today, and I drive to Maryland, I spend a couple of weeks there, and on my way back, I get carjacked, the person who carjacked me had the requisite mental state, that would be a federal carjacking. It's not a Hobbs Act robbery. It's just a Maryland carjacking or a Maryland robbery. Because the taking of that doesn't affect interstate commerce? There's nothing about the fact that I just drove from here to Maryland a couple of weeks prior that has any effect on commerce. The defendant's theory would basically federalize not just all carjackings, but the theft of anything that's ever moved in interstate commerce. Sneakers, cell phones, belts, and that's basically everything. There's no support for that kind of reading in the Hobbs Act jurisprudence, which is very careful to distinguish between entities that are obviously engaged in interstate commerce, like drug dealing, which distinguishes the point about Taylor, the defendant being... There are a number of other cases involving this question. You point out the Graham question, and I thought our Graham statute has said that the court... I thought in Graham we held that a crime might constitute a robbery or a battery, but that's not necessarily a carjacking. And I thought that there were a number of other circuit courts that have said that both statutes are not the same offense for double jeopardy purposes. Are those other circuit courts on point here? So Graham makes that distinction based on the mens rea of the carjacking statute, and then there are two other, well, this court in an unpublished decision. It was the Anders case. The court rejected the double jeopardy theory. That's began, but there's not a lot of reasoning in the decision. You sort of have to go to the briefs to know that the challenge was made. But is there a Graham precedent, or is that preclusive in terms of this particular case? I think Graham is on point with respect to the fact that robbery and carjacking... Doesn't Graham say that the crime that might constitute a robbery is not necessarily a robbery? I don't know of any case that's held that Hobbs Act is less included offense of carjacking. I'm not aware of any case. And again, I mentioned the Anders case from this court, and there's also an unpublished 10th Circuit decision rushing, which is also cited. What effect does vacature of a robbery conviction... What effect, if any, would that have on the sentence? It wouldn't have any effect on the defendant's sentence. Because you have convictions of both. The defendant has two, I believe it's 284... Pardon me? I believe the defendant was sentenced to two 84-month concurrent sentences, and so... But you have convictions both for the Hobbs Act... That's right. ...robbery and for carjacking. That's right. Okay, so if we vacated the Hobbs Act, that has no effect on the sentence, does it? That's correct. So what are we arguing about here? Well, I mean, ultimately, I don't think we're arguing about very much in terms of this case. The case is not moot. There's precedent from this court suggesting that the special assessment sort of... You mean, whatever we said here would only apply in a case where there were both a carjacking and a Hobbs Act robbery conviction, wouldn't it? Yes, I mean... You don't even get to it unless you have both convictions, would you? No, you wouldn't. And you can see, you know, some of the cases, for example, how Hobbs Act and carjacking are charged, why it was charged here. Go back to your question, Judge Caldwell, dealing with Palatine, for example. Whether you get a lesser included offense instruction, for example, would depend on whether the evidence indicated that you were entitled to it. That's right. And whether you get dismissed for purposes of a double jeopardy claim. Normally, those claims are raised right at the beginning of a criminal proceeding. And it would be for a Rule 29 motion to dismiss, discount for double jeopardy reasons. And so I gather what you're saying is that when the double jeopardy claim comes up, in a Rule 29 motion, as opposed to a situation where we actually have two jury verdicts on the subject, it would not suffice to dismiss the account, to dismiss account under Rule 29, because for Blockberger purposes, they're not the same offense. So you can charge both offenses. It's not a double jeopardy bar to charging both offenses. The problem only comes when you have convictions of both. And in that case, the jurisdictional element, at least as I understand your argument, um, comes into play as an argument against vacature. That's right. I mean, generally double jeopardy. Is that correct? I think that's right. Usually these challenges are made before trial. So it's the, um, it's sort of in the timing, because the double jeopardy argument comes in at the beginning of the case, most likely, most likely. And the lesser included offense is most likely to come in at the instructional phase. And that would be within the discretion of the district court as to whether or not to give that. But, you know, here we have two convictions in the vacature of the robbery. I don't understand what practical effect it would have. Yeah, it wouldn't have very much practical effect here. It would not have very much practical effect here. What I think it would do, though, and again, is it would have an effect of basically blowing. Well, it wouldn't have any practical effect if you have to have two convictions. They have to have both included. If you have to have both convictions, they've survived a double jeopardy challenge. All that's left is a lesser included offense challenge, perhaps over instructions, perhaps not. And in that situation, there's not going to be a practical effect, is there? I don't think so. I think the practical effect of a holding that agrees with the defendant's theory that any movement from state A to state B is necessarily an effect on commerce, that's cognizable under the Hobbs Act, would have far-reaching effects, not in this case, but adverse effects on defendants in Hobbs Act cases. Because if all that's required is for something to go from A to B, and all of a sudden we have a Hobbs Act robbery, then everything is a Hobbs Act robbery. But the argument is that if it's a lesser included offense, then there's double jeopardy on that basis. This particular defendant was punished twice, and the sentence, the prison terms may not be different, but there are special assessments, and there are two convictions on this record. I mean, I would think those may not be the main effects, but those are effects that would, under our law, be enough that if we were to find it, you know, double jeopardy, we wouldn't be able to ignore it. I think that's right. There's no tangible effect on the amount of time he's going to spend in prison, but this case is not moot, let's say, because of the special assessment. I mean, there's definitely precedent that says that that $100 special assessment saves the case, although it's academic in a sense, the question. It's academic to the defendant's life in terms of how much time people spend. It's not academic in terms of $100 special assessment, but a decision agreeing with the defendant is far-reaching in terms of Hobbs Act jurisprudence, and it would be a holding that would adversely affect defendants in a tremendous number of cases if we can charge Hobbs Act robbery like that. And the government, too, by the way, has an interest in not just broad theories, but theories of Hobbs Act liability that can survive Commerce Clause challenges. And so while the Hobbs Act is certainly broad, you know, this court has stressed that it's not limitless, and that all robberies are disruptive, but not every disruption is an effect on commerce that's cognizable in the Hobbs Act. I'd be happy to answer. Mr. Bryant. Thank you. Just a couple of brief points. I think the court understands our arguments. Obviously, I understand that you may not agree with them, but I think, in particular, Judge Niemeyer, you've articulated well what we're arguing in terms of greater and lesser. And a lot of times it's going to depend on how the facts come out at trial, and sometimes cases are charged as separate offenses, but then when the evidence comes out at trial, it turns out that they're actually the same, and there might even be two convictions, but they merge for sentencing. That always happens, but when we're making this kind of assessment, we look at the elements, don't we? Yes. And the proof required for each element, and if the proof is different for the elements, they are treated differently. I understand. And so what we've argued— If you proved for a Hobbs Act robbery that the car simply crossed the state line, you might be insufficient. Well— I mean, the government might be insufficient. That argument might be made. I think that certainly in this case, the proof is the same, and so that's why we've argued that. Now, these offenses are treated the same under the guidelines. Carjacking is simply a specific offense characteristic under the robbery statute, and I don't think the sky would fall or that it would be any great disruption to the way the government proceeds. No, but I just don't— I don't know that I want to travel down a road saying that you can have plainly different jurisdictional requirements and yet have that be a lesser-included offense. It doesn't seem to me lesser-included. It seems to me different. Well, I appreciate the court's argument. We respectfully disagree that these are functionally different, and that's really all I can say in response. When we get the functional differences, I don't know. I mean, because that strikes me as a much looser test. The advantage of the Blockberger test was that it was relatively easier to apply than a functional argument. And lesser-included offense— to be saying that cases with different jurisdictional arguments— with different jurisdictional requirements— that somehow one is lesser-included in the other, I worry that we are undemanding Blockberger. I think Blockberger is a terribly important case because it heads off a slew of lesser-included and double-jeopardy arguments. And I'm nervous about transferring— about changing Blockberger from a test requiring the bar elements to be identical into something that requires, oh, just a vague similarity between the statutes. I mean, I agree that the Hobbs Act robbery and the carjacking have a similarity to them, and that they require some of the same items of proof. But Blockberger requires something more than that in order to actually vacate a conviction on double-jeopardy or lesser-included grounds. If there was not the different jurisdictional argument or the different jurisdictional requirement, then this case might be different. But I think the different jurisdictional requirements pose an obstacle here.  That Blockberger is not the only word on the matter, and that the Supreme Court, in more recent decisions, has embraced a more functional test. You know, last time I checked, Blockberger hasn't been overruled or whatever. I know it's an unpopular case because it stands in the way of all kinds of double-jeopardy and lesser-included arguments. I know, for that reason, Blockberger is intensely disliked. I know I get that. I've heard a number of attacks upon it. But I just don't know that the case law says that the jurisdictional requirements count, different jurisdictional requirements count, for purposes of Blockberger. And to start saying, well, we can still vacate on lesser-included grounds. Well, maybe if the different jurisdictional requirements weren't there. But most of those cases on lesser-included offense instructions in the area of drug possession and, you know, whether somebody just possesses or whether somebody possesses with intent to distribute, most of those instructions in those lesser-included offense debates do not have different jurisdictional arguments. The lesser-included offense is either not charged or it is charged based upon the particular evidence. But there's no, there's no, there haven't been jurisdictional arguments, different jurisdictional requirements brought into play when those arguments, mainly in the drug area or whatever, are brought forward. I just am nervous. I'm so nervous the way you're trying to take me. If I can respond briefly to that. I'm not saying that there's any sort of magic words because these are jurisdictional elements. I think that, for example, if Hobbs Act and carjacking had slightly different wording for the definition of property, for example, that's not a jurisdictional element, but our argument would be that they're similar enough. So it's not because these are jurisdictional elements that we think that there is overlap. It's because they essentially reach the same element in the same way. And just very briefly. You've also agreed that the proof would be different under the two jurisdictions. The proof of showing a fact of a localized conduct on interstate commerce is different from showing the simple fact that a car crossed a state line. Well, our argument is that no, respectfully, it isn't. And I think that the carjacking statute was an attempt, the way it was written, was an attempt for Congress to reach as broadly as possible that, contrary to what the government has suggested, that it really was intended to be a federal car theft statute, a federal robbery statute, and they wanted to write it to cover... That's true, but Hobbs Act, they clearly did not. Hobbs Act, they wanted it to affect interstate commerce. Hobbs Act robberies traditionally are parallel with domestic local state robberies. And the question is, if you show the effect on interstate commerce, it'll become federal. Carjacking is virtually every car. Now, I suppose as a hypothetical, you have a car in Detroit, Michigan. That was made in Michigan and stayed there its whole life, and it never crossed a state line. That would be the minimalist thing. Is the Graham case preclusive in this situation? No, I think all that Graham says is that... Well, we think that Graham is helpful for us because it says that robbery and carjacking are essentially the same, and carjacking adds the element of a specific intent. Yeah, but didn't Graham reject the challenges? It did because the issue there was... Well, the issue there was whether the defendant's admissions at a prior plea hearing sufficed to also be an admission of carjacking. And what the court said was, no, at that plea hearing, he didn't admit the specific intent that was necessary to be guilty of carjacking. And what Graham said in the language that I quoted in my 28-J letter was that robbery and carjacking are essentially the same, and that carjacking adds intent. And so that's why we pointed that out. I just get nervous in holding one is lesser included when the government and the prosecution has got to prove different elements. But we argue that they did. We've argued that they didn't. And that's all I think I can say, Your Honor. There we get into the similarity conundrum. But at any rate, I sure appreciate your argument. And the whole morning has made us think, and that's what the appellate process is supposed to be about. I'm going to adjourn court and come down and greet counsel. This honorable court stands adjourned, sign die, God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, A. Marvin Quattlebaum Jr.